# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,              :      Case No. 2:19-cr-125

     - vs -                                  Judge Sarah D. Morrison

ELDON DRAPER,

                                      :

                Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Eldon Draper's Second Motion to Suppress Evidence Obtained from an Unlawful Search and Seizure (ECF No. 58), and the Government's Response in Opposition (ECF No. 59). Defendant also renews his request for an evidentiary hearing.

On November 27, 2019, this Court denied Defendant's First Motion to Suppress Evidence Obtained from an Unlawful Search and Seizure (ECF No. 53). However, because Defendant appeared to be signaling a request for a *Franks* hearing based on what may have been captured in an interview of Defendant that had not yet been made available to the defense at that time, the Court granted Defendant leave to file a second motion, if warranted, "*based on that limited issue.*" (*Id.* at p. 11) (emphasis added).

Instead, on December 16, Defendant filed a second motion to suppress evidence, which raises three arguments already ruled on by this Court in its November 27 Opinion: Detective Laurie Carney acted with reckless disregard for the truth by including a statement by Whitney Cousins in the search warrant affidavit and not interviewing Raymond Smith or Defendant's

1

neighbors, failure to include Ms. Cousins' prior criminal history in the search warrant affidavit was a material omission, and Detective Carney failed to comply with Federal Rule of Criminal Procedure 41 in executing the search warrant. The Court is not going to spend time repeating itself. Defendant is referred to the Court's prior Opinion (ECF No. 53) for a reminder on how those issues were resolved.

Finally, while Defendant's second motion now provides that Defendant "had ingested multiple alcoholic drinks and taken a sleeping pill" in his recitation of the factual history (ECF No. 58, at p. 4), Defendant makes no attempt to articulate any argument as to why this "new information" requires the Court suppress the search warrant.

For the foregoing reasons, the Court **DENIES** Defendant's Second Motion to Suppress and the renewed request for an evidentiary hearing. (ECF No. 58).

**IT IS SO ORDERED.**


/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE